Cheshire,
Nov. 7, 1939. } No. 3106.

BELLOWS FALLS TRUST COMPANY

*v.*

AMERICAN MINERAL PRODUCTS COMPANY.

*Howard B. Lane* (by brief and orally), for the petitioner.

*Orville E. Cain* and *Laurence F. Sherman* (of New York), for the Seaboard Minerals Corporation.

MARBLE, J.   The petitioner in contending that he is entitled to recover from the Seaboard Minerals Corporation interest from the date of the court's order to the date of judgment ignores the effect of the transaction to which he consented.   The bond, though reciting the approximate sum to be paid Martin for overdue royalties in the event of a judgment in his favor, contains no stipulation concerning the payment of interest.   It is to be read in connection with the so-called escrow agreement, the two instruments comprising a provisional arrangement somewhat analogous to the payment of money into court.   The fact that the face of the bond exceeds by so small a margin the sum estimated to be due is itself an indication that interest on that sum was not contemplated.

It is equally apparent that the petitioner cannot recover from the Seaboard corporation interest on the royalties represented by the bank deposits.   The agreement requires the bank to hold these deposits in escrow and to pay them "to the said Martin if he be awarded royalties" by the court.   In the event of such an award no further payment is implied.

The rule which permits the recovery of interest on money wrongfully detained is based on the assumption that retention of the money benefits the debtor and injures the creditor.   *Peirce* v. *Rowe*, 1 N. H. 179, 180.   But the reason for this rule is altogether wanting where, as here, the debtor makes no use of the money himself but pays it to a depositary under an agreement containing no provision for interest to which the creditor assents.   See 15 R. C. L. 34, 35.

*Exception overruled.*

All concurred.